In re CHANDLER et al.

FITCH v. BROOKS et al.

(Circuit Court of Appeals, Seventh Circuit. January 22, 1912.)

No. 1.869.

BANKRUPTCY (§ 262*)—ASSETS—SALE—CONFIRMATION.

A bankrupt's trustee was directed to advertise for bids for certain assets of the bankrupt, to be accompanied by a certified check for $5,000, to be open September 21, 1911; the sale to be subject to confirmation by the court, objections to be filed on or before September 26, 1911, and

heard on October 3d following. Two bids were received, one from petitioner for $45,000, and one from W. for $40,000. Petitioner was notified that his bid was the highest and that it would lie over until September 26th, and objections thereto would be heard on October 3d. On September 25th the referee notified the petitioner that objections had been filed, which were based on the gross inadequacy of price, and at the hearing the referee reopened the bidding, when H. bid $50,000, and, petitioner refusing to bid more, the property was sold to H. The referee refused W.'s application for the return of his check, but offered to deliver petitioner's check, which he refused to accept. *Held*, that the trustee was only authorized to receive bids under the order of sale, and not to sell, and there was no sale until the one made to H. for $50,000, and hence petitioner's bid gave him no standing to complain either of its rejection or of the sale to H.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*]

Petition for Revision of Proceedings of the District Court of the United States for the Northern Division of the Southern District of Illinois, in Bankruptcy.

In the matter of bankruptcy proceedings of Charles V. Chandler and another, copartners doing business under the name of C. V. Chandler & Co., Bank of Macomb. Petition by Fred H. Fitch to review an order of the District Court confirming a sale of the bankrupt's assets to another than petitioner. Dismissed.

A trustee in bankruptcy, who had been directed to solicit sealed bids for and thereupon to sell certain property, subject only to confirmation of the sale by the court, subsequently, on August 21, 1911, after the withdrawal of the bids made pursuant to such order, was again directed to solicit sealed bids, to be submitted, with certified check for not less than $5,000, either to him or to the referee, on or before 2 o'clock p. m. on the 21st day of September, 1911. This order further provided as follows:

"All bids to be subject to the approval of the court, and the terms of payment of the purchase money shall be as follows: The deposit shall be applied upon the purchase price made by the successful bidder upon the confirmation of the sale, and the remainder to be paid in ten (10) days thereafter, unless otherwise ordered by the court. The deposit made by each bidder shall stand as a guaranty that if he is the successful bidder that the bidder will comply with the terms of his bid and the order of the court, and in default thereof that the same shall be forfeited to the estate as agreed and liquidated damages. It is further ordered that all objections to any bid made shall be made and filed with the court on or before the 26th day of September, 1911, and the same shall be set down for hearing at 10 o'clock on October 3, 1911."

The notice of sale, after stating that the bids would be opened at the hour specified, in the presence of the referee, added: "The right is reserved by the referee to reject any and all bids pursuant to said order." Two bids, one of the petitioner, Fred H. Fitch, for $45,000, and one of William A. Work for $40,000, were the only ones received that complied with the order.

Subsequently the referee notified Fitch that his bid was the highest received, and that under the notice it would lie over until September 26th, and, if objections should be filed as to the amount of the bid, the hearing would be had on the 3d of October. On September 25th the referee notified Fitch that such objections had been filed, that the hearing would be on October 3d, and that he would not have to pay anything until the sale was confirmed. The objections filed were based on the gross inadequacy of price.

At the hearing on October 3d the referee stated that he would reopen the bidding, and that, if no one present offered more, he would confirm the sale to petitioner. Thereupon a bid of $50,000 was made by one Harris. Fitch

had full opportunity then and there to raise his bid, but refused to do so. The referee thereupon sold the property to Harris, over Fitch's objection, and directed the certified checks to be returned to Fitch and Work. He had refused Work's application, made September 21st, for a return of his check. Work accepted, but Fitch declined to accept, his check.

A petition is filed by Fitch to review the order of the court.

Edmund D. Adcock, for petitioner.

S. Shope Page, Milton J. Foreman, George T. Page, Andrew L. Hainline, T. B. Switzer, and Philip E. Elting, for respondent.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge. The only sale in this case was to Harris. The trustee in bankruptcy was not empowered under the order of August 21st to sell, but only to solicit sealed bids. If the order had directed him to sell, and if he had accepted Fitch's bid, subject only to confirmation by the court, a different question would be presented.

In this case, not only was no such authority granted under the second order, but no sale, either absolute or conditioned on confirmation, was in fact made by the trustee or referee. It is conceded that, even though the notice, as well as the order, had failed expressly to reserve the right to reject any and all bids, such right would necessarily be implied, inasmuch as the mere bid, without something in the nature of an acceptance, could give even the highest bidder no rights.

It is argued, however, that the notices given to Fitch by the referee and the retention of his check constituted an acceptance of his bid, subject only to such objections as can be made to judicial sales. Inasmuch as the referee retained both Work's and Fitch's checks, Work might urge with equal right that his bid had been accepted—perhaps even with greater right, inasmuch as his express demand for its return had been refused.

The order expressly provided that objections could be made, not merely to a sale, but to any bids. The objections were to the bid. The referee refrained from knocking down the property until he had considered the objections. Having considered them, he declined to accept Fitch's bid and to sell the property to him. The bid gave Fitch no standing to complain either of its rejection or of the sale to Harris.

As we find no error in these proceedings, the petition to revise will be dismissed.